UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. and J.P. MORGAN SECURITIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY B. MCDONALD and SHELLI A. MCDONALD, <br><br> Defendants. <br><br>———————————————— <br><br> JEFFREY B. MCDONALD and SHELLI A. MCDONALD, <br><br> Counterclaim-Plaintiffs and Third-Party Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES, LLC, <br><br> Counterclaim Defendants, <br><br> ERIN MARIE OHLMS and JOHN DAVID PERRY, <br><br> Third-Party Defendants. | No. 11 C 6902 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff JPMorgan Chase Bank's Motion to Amend Complaint pursuant to Fed. R. Civ. P. 15(a)(2). For the following reasons, Plaintiff's Motion is granted.

1

## I. BACKGROUND

This case arises from a contentious investment relationship between Plaintiffs JPMorgan Chase Bank ("JPM Bank") and JP Morgan Securities, LLC ("JPMS") (collectively "Plaintiffs" or "JP Morgan"), Defendants Jeffrey and Shelli McDonald ("the McDonalds" or "Defendants"), and Third Party Defendants John Perry ("Perry") and Erin Ohlms ("Ohlms"), both of whom were JP Morgan employees in 2007. In 2011, amid a dispute over whether to compel Financial Industry Regulatory Authority (FINRA) arbitration of the McDonalds' grievances against JP Morgan, JPM Bank and JPMS filed a Complaint seeking declaratory and injunctive relief against the McDonalds. After a Seventh Circuit appeal returned the case to this Court in 2015, the McDonalds filed a Counterclaim and Third Party Complaint alleging several types of misconduct, of which only the gross negligence and fraudulent misrepresentation and omissions claims remain.

The case has been pending for more than four years but is only now beginning discovery on the merits. The past four years have been consumed by litigation in four different forums, including this Court. Recently, I ruled on Plaintiffs' Motion to Dismiss the McDonalds' counterclaims, and the case moved into the discovery phase. A few months later, Plaintiffs moved for leave to amend their complaint. Plaintiffs want to add a claim for attorneys' fees in the amount of $1.5 million, pursuant to an indemnification clause in the contract that underlies this case. Defendants oppose this motion.

## II. LEGAL STANDARD

### A. Motion to Amend

"Although Federal Rule of Civil Procedure 15(a) instructs that leave to amend shall be freely given 'when justice so requires,' a district court may deny a [party] leave to amend if

'there is undue delay, bad faith or dilatory motive.'" *Sound of Music Co. v. Minnesota Mining & Mfg. Co.,* 477 F.3d 910, 922 (7th Cir.2007) (citations omitted). The Court may also deny a motion for leave to amend if it finds that "undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" would occur. *Id.* at 922–23 (citations omitted). "[F]utile repleadings include restating the same facts using different language, . . . failing to state a valid theory of liability, . . . and the inability to survive a motion to dismiss . . ." *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).

**B. Motion to Dismiss**

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) does not test the merits of a claim, but rather the sufficiency of the complaint. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir.2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002)). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A complaint should not be dismissed for failure to state [a] claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007).

## III. DISCUSSION

### A. Undue Delay and Bad Faith

Defendants argue that Plaintiffs unduly delayed their motion to amend the complaint for over four years in order to run up attorney fees. But as Plaintiffs correctly pointed out, the parties have been litigating forum selection for most of the life of this case. In that context, where forum selection was settled relatively recently and merits discovery is just beginning, the timing of the motion to amend is appropriate. Furthermore, there was a period of 14 months where Plaintiff's complaint had been dismissed on standing grounds that were later reversed. Naturally, Plaintiffs could not bring their motion to amend their complaint until it was reinstated. At that point, Defendants did not answer the complaint or file counterclaims for another ten months and Plaintiffs moved to amend their complaint six months after that. During that six months, the parties also litigated Plaintiffs' motion to dismiss the McDonalds' counterclaims, further explaining the delay in moving to amend their complaint. Without a doubt, the progress on this case has been slow and halting. Nevertheless, I do not find undue delay or bad faith in the timing of Plaintiffs' Motion to Amend.

Furthermore, the parties agreed to a discovery schedule that set a deadline of June 2016 for amending pleadings. This motion to amend was filed in January 2016. I see no reason not to hold the parties to their mutually agreed-upon discovery deadline.

### B. Futility

The McDonalds also argue that allowing the proposed amendment would be futile because it would not survive a motion to dismiss. According to the McDonalds, the indemnification clause that underlies Plaintiffs' claim to attorney fees did not clearly apply to the McDonalds. The relevant provision states: "I will indemnify and hold all Morgan Affiliates providing products or services under the Agreement harmless from any claim, loss, liability, or

4

expense, including, without limitation, collection costs, reproduction and search costs and the reasonable fees and disbursements of counsel and other advisors incurred by them (i) in rendering services hereunder; *(ii) if I breach the Agreement; (iii) if a third party brings a claim, suit, or proceeding against a Morgan Affiliate because it provided products or services to me, or* (iv) resulting from a subpoena, administrative order, court order, levy, garnishment, attachment or other legal process affecting the Account." (emphasis mine) Defendants argue this clause refers to any dispute between the Bank and third parties, but not to any disputes between the Bank and the McDonalds.

"As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint," as well as copies of written instruments attached as exhibits to the pleading. *Ores v. Village of Dolton*, 2014 WL 4197854 at *1 (N.D.Ill. 2014) (quoting *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)); Fed.R.Civ.P. 10(c). The Seventh Circuit has held that "this rule includes a limited class of attachments to Rule 12(b)(6) motions that are central to [the plaintiff's] claim, especially when the court must interpret a contract to determine whether the plaintiff stated a claim." *Continental Cas. Co. v. American Nat. Ins. Co.*, 417 F.3d 727, 731 (7th Cir. 2005). Here, because interpretation of the contract clause is central to Plaintiff's claim, I must examine the contractual language to determine whether amendment would be futile.

I do not agree with the McDonalds' interpretation of the indemnification clause, which says in part that it applies "if I breach the Agreement" *or* "if a third party brings a claim, suit, or proceeding against a Morgan Affiliate because it provided products or services to me." The wording clearly contemplates indemnification in the event of a dispute between the parties *as well as* a dispute with a third party. Indeed, the phrase "if I breach the Agreement" is not only nonsensical but superfluous if it only refers to third party disputes, since the very next phrase explicitly implicates third parties. Therefore, while I make no finding as to whether the

5

McDonalds are liable for attorney fees, I do find that the indemnification clause applies to the McDonalds in the event they are found to have breached the Agreement.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend Complaint is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: February 25, 2016